**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **STATE OF OHIO, et al.** | ) |
|  | ) |
| **v.** | )     **1:02-cv-01080 (EGS** |
|  | ) |
| **BRISTOL-MYERS SQUIBB, CO.** | ) |
|  | ) |

### ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT

WHEREAS the States, Commonwealths and Territories ("States") of Alabama, Alaska, American Samoa, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virgin Islands, Virginia, Washington, West Virginia, Wisconsin, and Wyoming through their Attorneys General**,** and the District of Columbia, through its Corporation Counsel, as authorized by law, in the states' sovereign capacity, on behalf of past, present and future state departments, state bureaus, state agencies, state self-insured employee benefit plans, and other state government entities that they have the authority to represent, on behalf of any local governmental departments, bureaus, agencies or other local entities that they represent in this Action, and on behalf of any of the past, present or future predecessors, successors or assigns of the foregoing, in a statutory, equitable and/or common law capacity**,** and as Fed. R. Civ. P. Rule 23 Class representative of and/or *parens patriae* on behalf of all natural person citizens of such state who have purchased Taxol and/or paclitaxel during the Relevant Period (collectively "Plaintiff States"), and Bristol-Myers Squibb Company ("BMS"), by and

through its counsel of record in this litigation, have entered into settlement of this litigation;

WHEREAS the terms of this settlement are set forth in the Settlement Agreement between the Plaintiff States and BMS ("Settlement Agreement");

WHEREAS this settlement will, subject to this Court's final approval, fully and finally compromise, settle and resolve the Released Claims subject to the terms and conditions set forth in the Settlement Agreement;

WHEREAS the parties to this Settlement Agreement (the "Parties") have filed it with the Court and requested that the Court grant preliminary and final approval of the settlement pursuant to Federal Rule of Civil Procedure 23(e), and/or state *parens patriae* and/or statutory and equitable authority;

WHEREAS the Court has read and considered the Settlement Agreement, the proposed Notice Plan, and the pleadings and documents submitted in connection with the Parties' request for preliminary approval of the Settlement Agreement, and good cause appearing therefor;

IT IS HEREBY ORDERED as follows:

### PRELIMINARY APPROVAL OF SETTLEMENTS AND CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

1.     This Court has jurisdiction over this action and each of the Parties.

2.     The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Settlement Hearing provided for below. The Court preliminarily finds that the settlement encompassed by the Settlement Agreement (the "Settlement"), including the proposed methods of distribution and allocation of the monies paid to consumers in settlement of these actions as outlined in the Guidelines Concerning Development of Consumer Distribution Plan, are fair, reasonable and adequate and in the best interest of consumers in the Plaintiff States and the Settlement Group as a whole, and

their terms satisfy Federal Rule of Civil Procedure 23(e), state equitable and/or *parens patriae* laws, and due process so that notice of the Settlements should be given as provided in  this Order.

        3.      For the purpose of these settlements only, a class consisting of:

> All natural person consumers within Plaintiff States where such a class action may be brought, not otherwise represented by the Plaintiff States as *parens patriae*, who purchased Taxol or paclitaxel sold in the United States from January 1, 1999 through February 28 , 2003.

(the "Class") is hereby conditionally certified, pending final approval of the settlement herein.

        4.      The Court preliminarily finds that the Attorneys General of the Plaintiff States have the authority to represent, settle and release claims of their respective States and the claims of natural persons residing within their states.

        5.      The Order and Stipulated Injunction appended to the Settlement Agreement as Attachment 4, will be contemporaneously entered with the preliminary approval of the proposed settlement.

## NOTICE OF SETTLEMENT

        6.      The Court finds that the form and content of the proposed notice (the "Notice"), attached as Tab 6 to Plaintiff States' Memorandum in Support of  Motion for Preliminary Approval of Settlement Agreement, is in full compliance with the requirements of Federal Rule of Civil Procedure 23, state *parens patriae* laws, and state equitable authority and satisfies due process.  The Court further finds that the Notice provides to the Settlement Group sufficient information to make an informed and meaningful decision regarding their options in this litigation and the effect of this settlement on their rights, and that the Notice Plan is the best practicable method of notice under the circumstances.  The Court approves the Notice and the Notice Plan.

7.      The Court finds that the proposed 90-day Notice Period is adequate.

8.      The Notice Period shall run from July 1, 2003 until September 30, 2003.

9.      The Court confirms the Attorneys General of the States of Ohio, Maryland, and Florida as Liaison Counsel for the Plaintiff States.

10.     As soon as practicable after entry of this Order, but no later than ninety (90) days after the date of entry hereof, Liaison Counsel for the Plaintiff States shall cause notice to be disseminated to the Settlement Group in accordance with the Notice Plan and the terms of this Order.

## REQUESTS FOR EXCLUSION

11.     All natural persons within the Settlement Group who submit valid and timely requests for exclusion from the Settlement Group postmarked on or before October 1, 2003, pursuant to instructions contained in the Notice, shall not have any rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the Final Judgment and Order.

12.     All members of the Settlement Group who do not submit valid and timely requests for exclusion from the Settlement Group postmarked on or before October 1, 2003, pursuant to instructions contained in the Notice shall be bound by the Settlement Agreement and by the Final Judgment and Order.

## THE SETTLEMENT HEARING

13.     A hearing on final settlement approval (the "Settlement Hearing") is hereby scheduled to be held before the undersigned on November 19, 2003, at 11:30 a.m. o'clock in the courtroom of the Honorable Emmet G. Sullivan United States Courthouse, 333 Constitution Ave., N.W., Washington, DC 20001,   to consider:   (a) the fairness, reasonableness and adequacy of the Settlement (b) the dismissal with prejudice of this action,

and (c) the entry of the Final Judgment and Order in this action.

14.     Any member of the Settlement Group who does not file a Request for Exclusion in the manner set forth above may appear at the Settlement Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement and the dismissal with prejudice of this action as to BMS, and the entry of final judgment provided, however, that no person shall be heard in opposition to the Settlement, or dismissal and/or entry of final judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before October 1, 2003, such person: (a) files with the Clerk of the Court a notice of such person's intention to appear ("Notice of Appearance"), as well as a statement that indicates the basis for such person's opposition to the Settlements, or the dismissal of claims and/or the entry of final judgment ("Statement"), and any documentation in support of such opposition, and (b) serves copies of such Notice of Appearance, Statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the Taxol Antitrust Litigation Administrator, Rust Consulting, Inc., 201 South Lyndale Ave, Faribault, MN 55021, and upon the following counsel:

For the Plaintiff States:

  To Plaintiff States or the Class:

  Alan C. Witten
  Assistant Attorney General
  Office of the Attorney General
  Antitrust Section
  140 East To Street
  Columbus, Ohio  43215

  Meredyth Smith Andrus
  Assistant Attorney General
  Office of the Attorney General
  Antitrust Division
  200 St. Paul Place

Baltimore, MD 21202

Nicholas J. Weilhammer
Assistant Attorney General
Office of the Attorney General
The Capitol, PL 01
Tallahassee, FL 32399

For the Defendant:

Richard J. Stark
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

15.     The date and time of the Settlement Hearing shall be set forth in the Notices, but shall be subject to adjournment by the Court without further notice other than that which may be posted at the Court and on the Court's web site.

16.     All discovery and other pretrial proceedings in these actions are stayed and suspended pending the Effective Date of the Settlement as defined in the Settlement Agreement ("Final Approval"), except such proceedings as are provided for in the Settlement Agreement, or which may be necessary to implement the terms of the Settlement Agreement or this Order.

17.     The Parties shall file with the Court any pleadings or memoranda in support of the Settlement and Settlement Agreement, including a statement that the Plaintiff States have effectuated the Notice Plan, no later than November 12, 2003.

18.     Any Settling Member of the Settlement Group may hire an attorney at his or her own expense to appear in this action.  Such attorney shall serve the Notice of Appearance, Statement, and any supporting documentation on the counsel set forth in paragraph 12 on or before November 12, 2003, and file it with the Court on or before November 12, 2003.

19.     Pending Final Approval, Releasors, either directly, representatively, or in any

other capacity, shall not commence or prosecute, any action or proceeding in any court or tribunal asserting any of the claims or causes of action that are to be released by the Settlement Agreement upon Final Approval; and, upon Final Approval, Releasors shall be forever enjoined and barred from asserting any of the claims or causes of action released by the Settlement Agreement, and any such Releasor shall be deemed to have forever released any and all such claims and causes of action as provided for in the Settlement Agreement.

## OTHER PROVISIONS

20.     The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreement.

21.     The Escrow Agent is authorized to disburse monies in accordance with the terms of the Settlement Agreement and the instructions in the Final Escrow Agreement.

22.     In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Releasors and Releasee.

23.     Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by BMS, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Releasee in connection with any action asserting Released Claims.

SO ORDERED this 13th day of May, 2003.

_____
Honorable Emmet G. Sullivan
United States District Judge